UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alonzo Marcus Felton, #301080, | ) C/A No. 8:12-1023-SB-JDA |
| Petitioner, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| South Carolina Department of Corrections; State Classification, | ) |
| Respondents. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court *pro se* by a state prison inmate. Pursuant to 28 U.S.C. § 636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Petitioner is an inmate at the Kershaw Correctional Institution, one of the prisons operated by the South Carolina Department of Corrections ("SCDC"). He alleges that he initially served a four-year sentence at Lieber Correctional Institution, before being released on probation on July 1, 2005. Petitioner claims that he "was violated" on December 21, 2007. [Doc. 1 at 5.] He adds, "The judge gave 4 yrs of credit, the defendant is given credit for pre-revocation hearing detention time on current probation violation to be calculated and applied by [SCDC]." [*Id.*] Petitioner requests that this Court "get SCDC to comply with the judge's order to calculate and apply the 4 yrs of credit off of [his] sentence." [*Id.* at 15.] He

also asks for "Money damages for being falsely imprisoned for all the extra-days I was incarcerated." [*Id.*]

STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003).

The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled

to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, the Petition submitted in this case should be summarily dismissed.

## ANALYSIS

The Petition for a Writ of Habeas Corpus filed in this case should be dismissed because Petitioner has not exhausted his state remedies. Petitioner's claim is one of an "expired sentence" or a "hold-over sentence," which he claims to be the result of SCDC failing to correctly credit his sentence with pre-hearing detention time. Petitioner alleges he submitted a grievance to prison officials, but there is no indication he filed any kind of state court action to seek review of SCDC's sentence calculation before filing this federal habeas corpus action. With respect to claims regarding calculation of state sentences, the majority view is that Petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2254, *see Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) (state inmate challenging execution of sentence must proceed under 28 U.S.C. § 2254, not 28 U.S.C. § 2241), which can be sought only after Petitioner has fully exhausted his state court

remedies.[1]  *See* 28 U.S.C. § 2254(b); *see also Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 490–91 (1973) (exhaustion also required under 28 U.S.C. § 2241).

This claim under 28 U.S.C. § 2254 is subject to the requirements of both administrative exhaustion under 42 U.S.C. § 1997e, and exhaustion of state court remedies. *See Braden*, 410 U.S. at 490–91; *see also Picard v. Connor*, 404 U.S. 270 (1971). According to the United States Supreme Court, the § 2254 exhaustion requirement is satisfied by seeking review of the claim in the highest state court with appellate jurisdiction to consider the claim. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) (state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process before filing a habeas petition). Because Petitioner has a viable state court remedy that has not been fully utilized, his habeas claim is subject to summary dismissal. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."); *see also Lawson v. Dixon*, 3 F.3d 743, 749 n.4 (4th Cir. 1993) (noting that "exhaustion is not a jurisdictional

---

[1] *See Coady v. Vaughn*, 251 F.3d 480 (3d Cir. 2001) (same); *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (same); *Walker v. O'Brien*, 216 F.3d 626, 632–33 (7th Cir. 2000) (same). The Fourth Circuit Court of Appeals has recognized the split of authority regarding whether a state inmate may proceed under § 2241 for manner of sentence execution claims, but has taken no authoritative stand on either side of the split. *See Gregory v. Coleman*, No. 06-6646, 2007 WL 570522 (4th Cir. Feb. 20, 2007); *see also Meeks v. McKoy*, No. 09-6208, 2010 WL 1050047 (4th Cir. March 23, 2010) (holding that § 2254's one year statute of limitations applied to petitioner's challenge of his disciplinary conviction in state habeas action submitted originally through a § 2254 petition).

requirement, but rather arises from interests of comity between the state and federal courts.").

Moreover, as to Petitioner's request for monetary damages, a prisoner may not seek monetary damages in a habeas action. *Cf. Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of 42 U.S.C. § 1983). Further, the United States Supreme Court has held that, to recover damages for imprisonment in violation of the United States Constitution, the imprisonment must first be successfully challenged:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . [a] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486–87. The Petition before this Court reveals Petitioner has not yet successfully challenged his state court sentence; therefore, he cannot allege the necessary element of the illegality of his state imprisonment, and he cannot show a constitutional injury or a cognizable civil rights claim.

RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed without prejudice.

                                                  s/Jacquelyn D. Austin
                                                  Jacquelyn D. Austin
                                                  United States Magistrate Judge

May 16, 2012
Greenville, South Carolina

*__Petitioner's attention is directed to the important notice on the next page.__*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).